UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GREGORY R. HENDERSON**                **CIVIL ACTION**

**VERSUS**                              **NUMBER 10-447-RET-DLD**

**COMPASS GROUPS**

## ORDER

This matter is before the court on three motions filed by *pro se* plaintiff:

1) Request for a status conference (rec.doc. 17);

2) Motion for default judgement (sic) from (sic) failure to answer (rec. doc. 20); and

3) Motion to oppose defendant's extension of time which (sic) to file responsive pleadings.

### *The Request for a Status Conference*

Plaintiff requests a status conference to generally discuss the case management plan and taking depositions, and states that such is necessary since there has been no compliance with plaintiff's summons and he believes evidence may have been suppressed or destroyed and witnesses may have been threatened.[1] (rec. doc. 17)

Rule 16(b)(2) of the Federal Rules of Civil Procedure governs the pretrial conference procedure, and this rule states that the judge must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared. In this case, a review of the docket shows no return of service on the summons; however, defendant's

---

[1] Plaintiff's motion is devoid of any factual statements regarding witnesses who may be threatened, or whether any evidence actually has been suppressed or destroyed. At best, these are simply conclusory statements, and as such, will not be addressed by the court.

counsel has made an appearance and filed a motion for extension of time within which to plead or otherwise respond. (rec. doc. 15) Thus, the request for a status conference is premature as the 90 day period has not yet expired.  The court will set the scheduling conference at the appropriate time, but will not set it before the due date (September 19, 2010) for the defendant to respond to the complaint.  The motion will be denied.

### *The Motion for Default Judgment for Failure to Answer*

Plaintiff alleges that he served defendant with the complaint and summons, but that the defendant is playing "hide and seek" and electing not to answer the complaint, and seeks a motion for default judgment for defendant's behavior.  (rec. doc. 20) Defendant's response to the complaint is not due until September 19, 2010, and plaintiff has put forth no evidence that the defendant has elected not to answer the complaint.  The motion is thus premature and will be denied.

### *The Motion to Oppose Defendant's Extension of Time*

Local Rule 7.9M (Extension of Time to Plead) reads, in pertinent part, as follows:

> Upon certification by a moving party that there has been no previous extension of time to plead and that the opposing party has not filed in the record an objection to an extension of time, then on an ex parte motion and order, the court will allow one extension for a period of 21 days from the time the pleading would otherwise be due. Further extensions will not be granted by stipulation, but only by application to the court and for good cause shown. [Amended June 28, 2002, November 24, 2009, December 1, 2009]

On August 24, 2010, defendant filed a motion for extension of time, citing to this Local Rule.  (rec. doc. 15) In keeping with Local Rule 7.9M, the court granted the motion on August 25, 2010, giving the defendant one 21-day extension of time.  (rec. doc. 16) Plaintiff contends that the motion should be denied "due to lack of specifics and merits of reason why the summons was not answered in full or in part."  (rec. doc. 21) As explained

earlier, the response to the complaint is not due until September 19, 2010.  No specifics, merits, or reasons are required in order for defendant to receive this first extension of time, and this motion will be denied.

Accordingly,

**IT IS ORDERED** that:

1) Plaintiff's request for a status conference (rec.doc. 17) is **DENIED**;

2) Plaintiff's motion for default judgement (sic) from (sic) failure to answer (rec. doc. 20) is **DENIED**; and

3) Plaintiff's motion to oppose defendant's extension of time which (sic) to file responsive pleadings is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 27, 2010.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**